# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES** | * | |
| | * | |
| v. | * | **Case No.: WDQ-08-444** |
| | * | |
| **DAVID BRAXTON** | * | |

## REPLY TO GOVERNMENT'S OMNIBUS RESPONSE

Comes now the Defendant herein, David Braxton, through undersigned counsel, and provides this reply to the Government's Omnibus Response (Document 41). In support thereof Defendant states the following:

1. Mr. Braxton is charged with being a felon in possession of a firearm.

2. In its omnibus response the Government states that Defendant's 18 U.S.C. § 3161 rights were not violated. Mr. Braxton agrees. However, what Defendant maintains was violated was his Sixth Amendment right to a Speedy trial, which is a separate and independent right quite apart from the afforded Defendant under the Speedy Trial Act. As such, the Government's Omnibus misconstrues the wrong complained of by Defendant, and misses the mark.

3. The Government also suggests that Defendant was somehow complicit in the delays in the case at bar due to his decision to "terminate Mr. Citaramanis." However there is nothing on the record to suggest that this is the case. Indeed, the hearing was *ex parte* and the transcript remains under seal. As such, this is pure conjecture on the part of the Government in a bid to ameliorate the delays that it and

its officers caused.

4. In response to Defendant's motion with regard to the ineffectiveness of previous counsel, the Government states that "defendant can cite to no caselaw where similar relief has been sought, or considered, in a related circumstance."

5. To the contrary: caselaw abounds in this area where similar relief has been afforded a defendant. It is well understood that a defendant's decision whether to accept the government plea offer and enter a guilty plea is the most critical stage of the conviction process because it involves an accused choosing, or not, to forgo the right to a trial. "[W]hether to plead guilty or to contest a criminal charge is ordinarily the most important single decision in a criminal case." *United States v. Gordon*, 156 F.3d 376, 379 (2nd Cir. 2001).

6. To gain relief for a violation of this right, a defendant must demonstrate that (1) counsel's performance fell below an objective standard of reasonableness in light of the prevailing professional norms; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688 (1984).[1]

7. The right to effective assistance of counsel also extends to the decision to reject a plea agreement. *See United States v. Day*, 969 F.2d 39, 43 (3rd Cir. 1992) ("[A] defendant has the right to make a reasonably informed decision whether to accept a plea offer."); *Johnson v. Duckworth*, 793 F.2d 898, 900-02 (7th Cir. 1986) (defendant has right to effective assistance of counsel in deciding whether to accept or reject proposed plea agreement).

---

[1] Accord *Moss v. United States*, 323 F.3d 445, 474 (6th Cir. 2003) (the failure of defense counsel to "provide professional guidance to a defendant regarding his sentence exposure prior to a plea may constitute deficient assistance"); *Kratsas v. United States*, 102 F. Supp. 2d 320, 323 (D. Md. 2000) ("[t]he right to effective assistance of counsel attaches to the plea bargaining phase of a criminal trial.")

8. It is well-understood that an attorney must correctly inform the defendant of the direct consequences of his or her plea. *See United States v. Gordon*, 156 F.3d 376, 380 (2nd Cir. 1998) ("By grossly underestimating [the defendant's] sentencing exposure in a letter to his client, [the defendant's attorney] breached his duty as a defense lawyer in a criminal case to advise his client fully on whether a particular plea to a charge appears desirable.") (quotation omitted); *see also Manley v. United States*, 588 F.2d 79, 81 (4th Cir. 1978) (defendant contemplating plea of guilty must have complete understanding of possible sentence); *Hammond v. United States*, 528 F.2d 15, 19 (4th Cir. 1975) (to plead voluntarily, defendant must know direct consequences of plea); *Pilkington v. United States*, 315 F.2d 204, 208-10 (4th Cir. 1963) (to be voluntary, defendant's plea must be made with complete understanding of possible sentence).

9. In this case, due to the ineffectiveness of counsel in failing to get the radio tape nor, for that matter, a pre-plea criminal history, trial counsel was ineffective. But for counsel's ineffectiveness Defendant would have accepted the offer to plead in state court. Defendant now faces upon conviction, or plea for that matter, a sentence which is several times higher than that offered originally. As the Court is aware, the tape must be ordered within a short period of time after arrest, otherwise it is gone forever. The Government advances no reason why said tape could not have been procured with the exercise of due diligence by defense counsel within the more than 14 months prior to trial that he was counsel of record. Both prongs of *Strickland* are satisfied, and there is ample caselaw to support the relief requested.

WHEREFORE, for these reasons and for such other reasons as may be assigned at the hearing on this motion, Defendant respectfully requests that this Court grant the relief requested in the original motions.

Respectfully Submitted,

_____/s/_____

Gary E. Proctor
Bar Roll Number 27936
Law Offices of Gary E. Proctor, LLC
8 E. Mulberry Street
Baltimore, Maryland 21202
Tel:   410.444.1500
Fax:   866.230.4455

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, March 10, 2009, a copy of the foregoing was served on all of the parties via ECF.

_____/s/_____

Gary E. Proctor