```
          IN THE UNITED STATES DISTRICT COURT FOR
        THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                *
UNITED STATES OF AMERICA
                                *
        v.                          CIVIL NO.: WDQ-08-444
                                *
DAVID BRAXTON
                                *

*   *   *   *   *   *   *   *   *   *   *   *   *
```

MEMORANDUM OPINION

Pending are David Braxton's motion for new trial and his counsels' motion to withdraw. For the following reasons, the motions will be denied.

I. Background

On March 18, 2009, Braxton was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Paper No. 61. On April 15, 2009, Braxton moved for a new trial, contending that he had failed to accept two plea offers because of his prior counsel's ineffective assistance.[1] Paper No. 67.

---

[1] The government first offered a plea to possession of a stolen firearm, with a maximum exposure of ten years. Hr'g Tr. at 3. Braxton rejected that offer. Hr'g Tr. at 22. The government's second offer would have permitted a state court plea to a five year sentence. Hr'g Tr. at 6. Braxton rejected this offer because of discrepancies between the CAD sheet of Braxton's arrest and the arresting officers' testimony. Hr'g Tr. at 24, 34-35.
   The officers testified that Braxton was arrested when the officers stopped a car bearing license plates issued to another car. Paper No. 13 at 1. Braxton was a passenger in the car and was arrested after a police officer discovered he had a handgun. Trial Tr. at 56. The CAD sheet of Braxton's arrest stated that

On May 7, 2009, Braxton's trial attorneys, Gary Proctor, Esquire, and Justin Brown, Esquire, moved to withdraw based on Braxton's *pro se* claims of ineffective assistance.  Paper No. 68.  Braxton will be sentenced on July 14, 2009.

II.  Analysis

   A.  Motion for New Trial

Braxton seeks a new trial because his prior counsel, Michael Citaramanis, Esquire, rendered ineffective assistance during plea bargaining.[2]  Paper No. 67.

Federal Rule of Criminal Procedure 33(a) permits a new trial "if the interest of justice so requires."  Fed. R. Crim. P. 33(a).  The Court "should exercise its discretion to grant a new trial sparingly, and . . . should do so only when the evidence weighs heavily against the verdict."  *United States v. Perry*, 335 F.3d 316, 320 (4th Cir. 2003) (*citing United States v. Wilson*, 118 F.3d 228, 237 (4th Cir. 1997) (internal quotations omitted)).

The Sixth Amendment guarantees the effective assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  To

---

the car's license number was not given to the dispatcher until after the car had been stopped.  *Id.*, Ex. A.  Accordingly, Braxton believed that this discrepancy showed that the stop was not supported by probable cause.  *Id.* at 2.

[2] A claim of ineffective assistance may be raised in a motion for a new trial.  *See Strickland v. Washington*, 466 U.S. 668, 697 (1984).  Braxton originally raised the ineffective assistance claim in a pre-trial motion, Paper No. 35, but withdrew it.  Paper No. 67 at 1.

prove ineffective assistance of counsel, Braxton must show that: (1) counsel's performance was deficient and (2) the deficient performance prejudiced his defense.  *Id*. at 687.  Braxton must establish that counsel made errors so serious that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 688.  Braxton must also demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id*. at 694.

Judicial scrutiny of attorney performance asks whether counsel's assistance was reasonable under the circumstances.  *Id*. at 688.  This scrutiny is highly deferential.  *Id*. at 689.

Braxton moves to enforce the plea agreements he rejected before his trial.  He contends that Citaramanis's failure to secure the KGA tape of his arrest was ineffective assistance because Braxton would have accepted the plea offers had the tape been discovered during the plea negotiations.[3]  Paper No. 67 at 3.

---

[3] The KGA tape was discovered on December 1, 2008.  Hr'g Tr. at 30.  The State of Maryland Statement of Charges against Braxton indicated that there was a KGA tape of Braxton's arrest. *Id.* at 14-15.  Citaramanis was appointed as Braxton's counsel in October, 2007, but did not subpoena the KGA tape because he reasonably believed that the tape had been destroyed--pursuant to the Police Department's widely-known practice--before he was appointed as counsel.  *Id.* at 2, 8-9, 26, 28-29.
  Instead, Citaramanis subpoenaed (1) the CAD sheet and (2) the dispatch officer who had transcribed it.  *Id.* at 29.  In the Fall of 2008, in preparation for trial, Citaramanis subpoenaed the KGA tape, expecting a witness to testify that it was unavailable.  *Id.* at 29.  To his surprise, the KGA tape was produced in response to his subpoena, *Id.*, and demonstrated that the arresting officers had confirmed the license plate violation

Ineffective assistance may occur during the plea bargaining process, *Hill v. Lockhart*, 474 U.S. 52, 58 (1985), but Braxton has not shown that Citaramanis's conduct fell below an objective standard of reasonableness. *Id.* Citaramanis investigated the records, circumstances, and persons involved in Braxton's arrest. Hr'g Tr. at 5, 7-12, 19-22, 27. He also investigated Braxton's prior criminal history. *Id.* at 10-12.

Although Citaramanis did not subpeona the KGA tape, *Id.* at 14-15, he (1) requested a copy of it from the government,[4] and (2) subpeonaed the CAD sheet of Braxton's arrest. *Id.* at 27, 29. Citaramanis also advised Braxton to accept the plea offers. *Id.* at 22, 25. Braxton has failed to show ineffective assistance. *Strickland*, 466 U.S. at 687.

B.   Motion to Withdraw

Proctor and Brown have stated that they do not believe there is cause for their removal, but request withdrawal to allow new counsel to proceed with Braxton's *pro se* ineffective assistance claim. Paper No. 68 ¶ 5.

Braxton contends that Proctor and Brown failed to: (1) spend adequate time with him before the trial and pursue his trial strategy; (2) move to suppress the KGA tape; (3) subpeona the

---

before they stopped the car. Paper No. 58; Gov't Ex. 6.

[4] The prosecutor was also surprised to learn that the tape had not been routinely destroyed. Hr'g Tr. at 25.

grand jury minutes that he had requested;(4) challenge the government's failure to re-indict him when his case was transferred from Judge Motz to this Court; and (5) object to the disclosure of an Internal Affairs report about a police witness or to use that report to impeach that witness.  Paper No. 68.

　　　Proctor and Brown moved to suppress the KGA tape, and raised the government's failure to re-indict Braxton during the pre-trial motions hearing.  *See* Trial Tr. at 33, 123-24.  Braxton has failed to show that "cause [existed] to dismiss the indictment because of a matter that occurred before the grand jury," that would have authorized counsel to subpeona the grand jury minutes, Fed. R. Crim. P. 6(e)(3)(E)(ii).  Counsel's decisions to (1) pursue a strategy different than that suggested by Braxton and (2) not challenge the internal affairs report do not conclusively fall below an objective standard of reasonableness.  *Strickland*, 466 U.S. at 690 (counsel has "wide latitude" in making tactical decisions, and "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable"); *see* Hr'g Tr. at 5 (noting that the Internal Affairs report was not material).  Accordingly, Braxton has failed to demonstrate deficient performance, and Proctor and Brown's motion will be denied.

III. Conclusion

For the reasons stated above, Braxton's motion to enforce the plea agreement and Proctor and Brown's motion to withdraw will be denied.

<u>June 19, 2009</u>                        <u>          /s/               </u>
Date                                          William D. Quarles, Jr.
                                              United States District Judge